**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-1011**

_____

WILFREDO ROMERO,

             Plaintiff – Appellant,

        v.

ROBERT M. GATES, Secretary, Department of Defense,

             Defendant  - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:10-cv-00314-CMH-JFA)

_____

Submitted:  May 19, 2011              Decided:  May 23, 2011

_____

Before TRAXLER, Chief Judge,  and AGEE  and  KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Wilfredo Romero, Appellant Pro Se.   Anna Elizabeth Cross, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilfredo Romero, a former auditor with the Office of the Inspector General, appeals the district court's order granting Defendant's summary judgment motion on his discrimination claims, brought pursuant to the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. §§ 701-796l (West 2008 & Supp. 2010); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2010); and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.A. §§ 621 to 634 (West 2008 & Supp. 2010). Romero has also made a motion for sanctions to be imposed upon Defendant's counsel.

Even assuming Romero can establish a prima facie case of discrimination under the relevant statutes, it is apparent that Defendant did not consider Romero for the vacancies about which he complains—and did not conduct a background investigation upon him for the vacancies—because since Defendant revoked Romero's security clearance, Romero lacked and could not obtain the security clearance required for the vacant positions. To the extent that Romero's action sought to challenge the merits underlying Defendant's security clearance revocation decision, the district court correctly determined that it lacked the ability to review the merits of that decision. See Department of Navy v. Egan, 484 U.S. 518, 530 (1988) ("[U]nless

2

Congress specifically has provided otherwise, courts traditionally have been reluctant to intrude upon the authority of the Executive in military and national security affairs."); Guillot v. Garrett, 970 F.2d 1320, 1326 (4th Cir. 1992) ("[I]ndividual security classification determinations are not subject to . . . judicial review for alleged violations of section 501 of the Rehabilitation Act of 1973.").

We have reviewed Romero's motion for sanctions and find it to be meritless. Accordingly, we deny Romero's motion and affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED